```
               UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW HAMPSHIRE
```

United States of America

    v.                                   Criminal No. 20-cr-38-JD
                                          Opinion No. 2020 DNH 114
Gabriel Alexander Diaz-Nivar


O R D E R

Defendant Gabriel Alexander Diaz-Nivar moves (doc. no. 29) for an individualized determination of whether the time period during which the court has continued his criminal jury trial because of the Coronavirus Disease 2019 (COVID-19) pandemic should be excluded from the trial clock under the Speedy Trial Act, 18 U.S.C. § 3161. Diaz-Nivar asserts that his "motion is filed pursuant to this Court's May 28, 2020 order and is intended to be without prejudice to Mr. Diaz-Nivar's right to file a timely motion to dismiss under the local rules." Doc. 29 at 1. The government objects to Diaz-Nivar's motion. The court held a motion hearing by videoconference on July 1, 2020.

Background

A.   COVID-19 Standing Orders

In response to the global COVID-19 pandemic and states of emergency declared by the President of the United States and the

Governor of New Hampshire, the Chief Judge of the District of New Hampshire has issued several standing orders addressing court operations during the pandemic.  As relevant to Diaz-Nivar, on March 20, 2020, the court continued "[a]ll civil and criminal jury trials scheduled to begin before May 1, 2020 . . . ."  <u>Court Operations under the Exigent Circumstances Created by COVID-19</u>, ADM-1, Order 20-5 (Mar. 20, 2020) ("Order 20-5") at 2 ¶ 7.  On April 20, 2020, the court continued all criminal jury trials through June 1, 2020.  See doc. 25, <u>Order Clarifying Speedy Trial Act Findings in Response to Exigent Circumstances Created by COVID-19</u>, ADM-1, Order 20-16 (Apr. 15, 2020) (citing Order 20-15).  On May 13, 2020, the court continued all criminal jury trials through July 1, 2020.  <u>Order Extending Deadlines in Prior Standing Orders</u>, ADM-1, Order 20-17 (May 13, 2020) ("Order 20-17").  Finally, on June 17, 2020, the court continued all criminal jury trials through August 1, 2020.  <u>Order Extending Deadlines in Prior Standing Orders</u>, ADM-1, Order 20-21 (June 17, 2020) ("Order 20-21").

In all of its continuance orders issued due to COVID-19, the court has excluded the time during which the trials were continued from the seventy-day trial clock under the Speedy Trial Act.  Citing 18 U.S.C. § 3161(h)(7)(A), the court reasoned that the "ends of justice served" by continuing criminal jury trials outweighed the best interest of the public and the

2

defendants' rights to speedy trials.  Order 20-5 at 2-3 ¶ 8.[1]  In particular, the court noted its "reduced ability to obtain an adequate spectrum of jurors" and the "public health considerations," which include the Center for Disease Control's advice that people engage in "social distancing."  Id.

On May 28, 2020, the court made it clear that "[e]ach district judge on this court adopts the excludable time and 'ends of justice' findings contained in the Speedy Trial Act order in ADM-1, Order 20-5, and applies those findings to all criminal cases continued by ADM-1, Order 20-17."  Doc. 27, Order Clarifying Speedy Trial Act Findings in Response to Exigent Circumstances Created by COVID-19, ADM-1, Order 20-19 (May 28, 2020) ("Order 20-19," signed by the Chief Judge, District Judges, and Magistrate Judge of the District of New Hampshire).  The court added the following:

> The judges on this court continue to agree—in light of the unique circumstances presented by this public health emergency as described in ADM 1, 20-5 and ADM 1, 20-17—that issuing individual findings in each separate case would be redundant and unnecessary and a waste of scarce judicial resources. The Speedy Trial Act "ends of justice" findings in each case are—due to the nature of this public health emergency—applicable generally to all cases before this court. Thus, a particularized finding in each case would be redundant.

---

[1] In Order 20-15, Order 20-17, and Order 20-21, the court adopted the reasoning for ordering the continuances and excluding the time from Order 20-5.

3

Id.  However, the court provided a caveat that "[w]ithin seven (7) days of the date this order is docketed, any defendant who has an individualized concern not addressed by this order may file a motion for a determination regarding his or her rights under the Speedy Trial Act, and the court will consider the ends of justice finding as to that defendant de novo."  Id.

### B. Diaz-Nivar's Case

Diaz-Nivar made his initial appearance on a complaint on January 27, 2020.  He is charged with conspiracy to distribute a controlled substance, in violation of 18 U.S.C. § 371 and 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), and 846 (Count 1).  He has been detained pending trial.  Diaz-Nivar's trial was scheduled for May 5, 2020, but it has been continued to August 4, 2020 under Order 20-15, Order 20-17, and Order 20-21.

### Discussion

Diaz-Nivar contends the Speedy Trial Act's trial clock should not be stopped during the time period that his trial has been continued by the court sua sponte.  He asserts that the "ends of justice" do not outweigh his or the public's interest in trying him.  In support, Diaz-Nivar contends that federal criminal trials are possible because one recently occurred in the Northern District of Texas.

4

The government responds, arguing that many other courts have made similar determinations that the "ends of justice" warrant excluding from the trial clock the duration of continuances due to the COVID-19 pandemic.  The government adds that prior disturbances at regional and local levels have warranted excluding continuance time under the "ends of justice" provision in § 3161(h)(7)(A).  Diaz-Nivar did not file a reply.

At the motion hearing, Diaz-Nivar noted his intent to file a motion to dismiss based on a speedy trial issue unrelated to COVID-19 continuances, but also noted that his primary concern is ensuring that he is not waiving his speedy trial rights with respect to COVID-19 continuances.  Diaz-Nivar stated that his trial will be short and involve relatively straightforward issues.  Diaz-Nivar's counsel also acknowledged that, due to the pandemic, he has not been able to meet with Diaz-Nivar with a frequency ideal for preparing for trial.  The government asked the court to maintain its reasoning for excluding the continuance time stated in its standing orders.  The government also noted that it did not take issue with Diaz-Nivar's preservation of his speedy trial rights.

The Speedy Trial Act dictates that "[i]n any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing

5

date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial Act, however, provides many exceptions during which periods of delay in a defendant's trial are excluded from the seventy-day trial clock. As relevant in this case, the Speedy Trial Act excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion . . . if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

In Order 20-15, Order 20-17, and Order 20-21, the court excluded the time of the continuances from Diaz-Nivar's trial clock on the ground that the "ends of justice" served by continuing Diaz-Nivar's trial outweighed the best interest of the public and Diaz-Nivar in a speedy trial. Diaz-Nivar contends that this finding is faulty in his case.

In Order 20-5, the court found:

> Due to the court's reduced ability to obtain an adequate spectrum of jurors and the above-referenced public health considerations associated with criminal jury trials, the time period of the continuances implemented by this Standing Order will be excluded under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). The court finds that the ends of justice served by

6

>ordering these continuances outweigh the best interest of the public and each defendant's right to speedy trial.

Order 20-5 at 2-3 ¶ 8.  The court reiterated that finding by adopting the reasoning from Order 20-5 in Order 20-15, Order 20-17, and Order 20-21.  We are not faced with an epidemic, but rather we are in the midst of what has been officially declared to be a pandemic, which is a far more serious situation.  The universality of COVID-19 means that every participant in the criminal justice process is at risk.  Until that risk can be satisfactorily managed so as to reasonably provide for the public health considerations for all participants, including the defendant and his counsel, continuances necessitated by the pandemic are in the interest of justice and are excludable under the Speedy Trial Act.

Diaz-Nivar does not provide any reason for why the court's findings are inapplicable to his individual case, and he has not shown that there are circumstances particular to his case that outweigh the court's speedy trial findings and the continuances. The anticipated short length of Diaz-Nivar's trial certainly does not outweigh those findings.

The court ratifies and confirms the administrative orders referred to herein and adopts and applies them to this case. The court has emphasized that it does not delay criminal jury trials lightly, noting that "[e]xcept for the right of a fair

7

trial before an impartial jury, no mandate of our jurisprudence is more important." Order 20-19 (quoting Furlow v. United States, 644 F.2d 764, 768-69 (9th Cir. 1981)). However, it is to be noted that the court's decision to continue criminal jury trials and exclude the period of continuance from the trial clock under 18 U.S.C. § 3161(h)(7)(A) is not without support found in other jurisdictions. E.g., United States v. Kemprud, 2020 WL 2836784, at *3-*4 (E.D. Cal. June 1, 2020) (excluding continuances due to COVID-19 from trial clock based on "ends of justice" findings); United States v. Magana, 2020 WL 2527041, at *2 (D. Utah May 18, 2020) (same); United States v. Magana-Madrigal, 2020 WL 2476470, at *1-*2 (E.D. Tenn. May 13, 2020) (same); United States v. Dill, 2020 WL 2083011, at *1 (D. Me. Apr. 30, 2020) (same); United States v. Aguirre-Maldonado, 2020 WL 2029610, at *1 (D. Minn. Apr. 28, 2020) (same); see also Furlow, 644 F.2d at 768-69 (affirming district court's exclusion of time under Speedy Trial Act due to disruption caused by eruption of Mt. St. Helens); United States v. Richman, 600 F.2d 286, 293 (1st Cir. 1979) (finding that "ends of justice" permitted excluding time of continuance from speedy trial clock due to "paralyzing blizzard" of 1978).

Conclusion

Diaz-Nivar's motion for an individualized, de novo determination of whether the time period during the court's sua sponte continuances of his trial is excludable under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) is granted.  Diaz-Nivar has received the requested de novo and individualized determination.

The court, however, finds that the ends of justice served by the court's sua sponte continuances of Diaz-Nivar's trial through August 4, 2020, outweigh the public's and Diaz-Nivar's right to a speedy trial.  Accordingly, the time between May 5, 2020, and August 4, 2020, shall be excluded from any count of the elapsed time period for purposes of Diaz-Nivar's speedy trial clock.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

July 8, 2020

cc:   Counsel of Record
      U.S. Probation
      U.S. Marshal